Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BLUE NILE, INC., a Delaware
corporation,

                  Plaintiff,

    v.

ICE.COM, INC., a Delaware corporation;
and SHMUEL GNIWISCH, an
individual,

                Defendants.

No. C-07-0521 JCC

DECLARATION OF SIMA SARRAFAN
PURSUANT TO MINUTE ORDER

Sima F. Sarrafan hereby declares as follows:

1.     I am one of the attorneys for defendant Ice.com and make the following statements based on personal knowledge. I am competent to testify to the matters stated herein.

2.     On May 15, 2007, I filed under seal a Declaration with Exhibit 1 and Exhibit 2 attached.

3.     On July 12, 2007, the Court ordered that I re-submit my Declaration, omit Exhibit 1, attach Exhibit 2 (unredacted version of the Motion to Strike Immaterial and Prejudicial Allegations and to Dismiss for Failure to State a Claim), and that I file them unsealed.

DECLARATION OF SIMA SARRAFAN PURSUANT TO
MINUTE ORDER NO. C-07-05212 JPD – Page 1

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1    4.    Attached as Exhibit A is my original Declaration (with Exhibit 2 attached

2  thereto).

3    I declare under penalty of perjury under the laws of the United States of America and the

4  State of Washington that the foregoing is true and correct.

5    DATED: July _20_ , 2007, at Seattle, Washington.

6

7

8    Sima F. Sarrafan

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF SIMA SARRAFAN PURSUANT TO
MINUTE ORDER NO. C-07-05212 JPD – Page 2

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

# EXHIBIT A

1

Hon. John C. Coughenour

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

BLUE NILE, INC., a Delaware
corporation,

11

No. C-07-0521 JCC

Plaintiff,

12

DECLARATION OF SIMA SARRAFAN
IN SUPPORT OF DEFENDANT'S
MOTION FOR ORDER SEALING
DOCUMENTS RELATING TO MOTION
TO STRIKE AND TO DISMISS

13

v.

14

ICE.COM, INC., a Delaware corporation;
and SHMUEL GNIWISCH, an
individual,

15

**FILED UNDER SEAL**

16

Defendants.

17

18

Sima F. Sarrafan hereby declares as follows:

19

1.      I am one of the attorneys for defendant Ice.com and make the following

statements based on personal knowledge.  I am competent to testify to the matters stated herein.

20

2.      As Ice.com was not a party to the Settlement Agreement in the case of *Blue Nile*

21

*v. Odimo, Inc.*, No. 05-CV-1653-JLR ("Odimo Settlement"), it does not have an executed copy

22

of the Odimo Agreement.  Blue Nile has not released a copy to the undersigned.   However, I

23

attest that, upon information and belief, Paragraph 5 of the Odimo Settlement states as follows:

24

25

Except to enforce the terms of this Agreement, Blue Nile herein releases and
forever discharges Odimo, including its former and present directors, officers,
shareholders, employees, successors and assigns, from all claims and causes
of action that Blue Nile brought or could have bought in the Civil Action.

26

DECLARATION OF SIMA F. SARRAFAN IN SUPPORT
OF DEFENDANT'S MOTION FOR ORDER SEALING
DOCUMENTS RELATING TO MOTION TO STRIKE
AND TO DISMISS NO. C-07-05212 JPD – Page 1

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1

2

3

4

Except to enforce the terms of this Agreement, Odimo herein releases and forever discharges Blue Nile, including its former and present directors, officers, shareholders, employees, successors and assigns, from all claims and causes of action that Odimo could have brought in the Civil Action. In the event Blue Nile re-asserts in a new action claims against Odimo for infringement of the same copyrighted works asserted in the Civil Action, Odimo reserves the right to assert all applicable affirmative defenses and counterclaims in said new action.

5

6

3.    Attached as Exhibit 1 is a true and correct copy of the Settlement Agreement between Blue Nile, Ice.com, and Odimo in connection with the case styled *Blue Nile v. Ice.com, Inc. and Odimo, Inc.*, No. 06-CV-1002-RSL.

7

8

9

4.    Attached as Exhibit 2 is an unredacted version of the Motion to Strike Immaterial and Prejudicial Allegations and to Dismiss for Failure to State a Claim, filed May 15, 2007.

10

11

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

12

13

DATED: May 15 , 2007, at Seattle, Washington.

14

15

_____
Sima F. Sarrafan

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF SIMA F. SARRAFAN IN SUPPORT
OF DEFENDANT'S MOTION FOR ORDER SEALING
DOCUMENTS RELATING TO MOTION TO STRIKE
AND TO DISMISS NO. C-07-05212 JPD – Page 2

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

# EXHIBIT 2

1                                                            Hon. John C. Coughenour

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
9                                      AT SEATTLE

10   BLUE NILE, INC., a Delaware                  No. C-07-0521-JCC
     corporation,
11                                                DEFENDANT ICE.COM'S MOTION
                                                  TO STRIKE IMMATERIAL AND
12                  Plaintiff,                    PREJUDICIAL ALLEGATIONS AND
                                                  MOTION TO DISMISS FOR
13          v.                                    FAILURE TO STATE A CLAIM
                                                  [UNREDACTED]
14   ICE.COM, INC., a Delaware corporation;
     and SHMUEL GNIWISCH, an individual
15                                                ORAL ARGUMENT REQUESTED
                    Defendants.
16                                                NOTE ON MOTION CALENDAR:

17                                                June 8, 2007

18                           I. INTRODUCTION[1]

19          Blue Nile brings this lawsuit against its burgeoning competitor, Ice.com, for alleged

20   copyright infringement involving a single graphic image of a diamond displayed on

21   Diamond.com,[2] a website owned by defendant Ice.com.  The substance of this Complaint is a

22   _____

23   [1] For the reasons set forth in Ice.com's motion to seal, filed May 15, 2007, portions of this motion have been
     redacted. These portions contain quotations from an earlier confidential settlement agreement between
24   Ice.com and Blue Nile. An unredacted version of this motion is attached as Exhibit 2 to the Declaration of
     Sima F. Sarrafan, filed in support of this motion (and which is submitted under seal).
25
     [2] Evidence at trial will show that the disputed image was on Diamond.com for only a few days when the suit
26   was filed and that Ice.com removed it from its website on April 19, 2007, as an accommodation to Blue Nile
     pending resolution of this lawsuit.

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 1

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1   very narrow allegation of copyright infringement involving little or no actual damage to Blue

2   Nile. Reading Blue Nile's Complaint, however, one might believe that this lawsuit relates to

3   a much broader and more serious set of allegations involving intentional conduct by Ice.com

4   and its managers. It does not. Instead, Blue Nile achieves this effect by falsely associating

5   Ice.com with an alleged prior copyright infringement action in which another company,

6   Odimo, Inc., was sued—though Blue Nile knows that Ice.com had nothing to do with the

7   infringement alleged in that case and was not named as a defendant nor related to that case.

8   Blue Nile also achieves this false effect by rehashing allegations it made in a recent lawsuit

9   against Ice.com which it settled. In settling those allegations, Blue Nile promised to release

10  Ice.com from any claim or remedy, including injunctive relief, arising out of the prior action.

11  It promised Ice.com that the settlement would not be used as an admission of any fact or

12  liability or of wrongdoing. And it promised Ice.com that it would not so much as disclose

13  the *existence* of the settlement agreement without prior notice. Yet, Blue Nile's Complaint

14  repeatedly references the recent lawsuit in support of its claim that Ice.com "continues" to

15  commit intentional violations of the copyright laws, all in an effort to unfairly and

16  prejudicially disparage its competitor in a publicly-filed document. This is improper.

17          In this motion, Ice.com requests that, under Federal Rule of Civil Procedure 12(f),

18  the Court strike all references to the prior settlement agreement and the facts underlying the

19  allegations settled by the parties, and that it strike the prejudicial and irrelevant allegations

20  relating to the case involving Odimo, Inc. Ice.com also moves the Court to dismiss Blue

21  Nile's breach of contract claims under Federal Rule of Civil Procedure 12(b)(6). These

22  claims are based on unenforceable language in the settlement agreement and are preempted

23  by the Copyright Act.

24

25

26

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 2

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

## II. BACKGROUND

Blue Nile and Ice.com are direct competitors in the online retail diamond business. Complaint ¶ 6. Each has one or more websites through which it sells diamonds and retail jewelry. At issue in this case are Ice.com's site, www.diamond.com and Blue Nile's site, www.bluenile.com. Compl. ¶¶ 5-6. Blue Nile alleges that a diamond image covered by one of its copyrights was displayed on the Diamond.com website. *Id.* at ¶ 24. Blue Nile's suit seeks preliminary and permanent injunctive relief and damages.

In its Complaint, Blue Nile references two lawsuits where it sued the owners of Diamond.com for copyright infringement. *Id.* at ¶¶ 2, 3, 17-23. The first case, *Blue Nile v. Odimo, Inc.*, No. 05-CV-1653-JLR ("Odimo Case"), involved the first owner-operator of Diamond.com, Odimo, Inc. *Id.* at ¶ 2. Ice.com did not own Diamond.com when these alleged infringements occurred. *See id.* Ice.com was not a defendant in that case. *Id.* Blue Nile settled the Odimo Case ("Odimo Settlement"), *id.* at ¶ 19, and gave Odimo a full release from all claims. *See also* Declaration of Sima F. Sarrafan ("Sarrafan Declaration") ¶2 **(filed under seal).**[3]

The second case, *Blue Nile v. Ice.com, Inc. and Odimo, Inc.*, No. 06-CV-1002-RSL ("Blue Nile/Ice Case"), concerned allegations of infringement that occurred close to when Odimo sold Diamond.com to Ice.com. Compl. at ¶¶ 20-22. Blue Nile settled the Blue Nile/Ice case too ("Blue Nile/Ice Settlement") and gave both Odimo and Ice.com a full

---

[3] Because Blue Nile's Complaint specifically references the Odimo Agreement and the Blue Nile/Ice Agreement, *see* Complaint ¶¶ 3, 4, 19, 23, 28, 61-64, 67-69, the Court may consider the Odimo Agreement and the Blue Nile/Ice Agreement on a Fed. R. Civ. P. 12 motion. A document is "not 'outside' the complaint if the complaint specifically refers to the document and its authenticity is not questioned." *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994) (holding that "the defendant may introduce the exhibit as part of his motion attacking the pleading"); *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Copple v. Astrella & Rice P.C.*, 442 F. Supp. 2d 829, 834 (N.D. Cal. 2006) ("documents whose contents are referenced in the complaint and whose authenticity no party questions are a proper subject of judicial notice" on 12(b)(6) motion).

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 3

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800    F 206.516.3888

release from all claims.  *Id.* at ¶ 23; *see* Ex. 1 to Sarrafan Decl. at ¶ 4.  The Blue Nile/Ice

Settlement release states, in relevant part, that:

> Blue Nile . . . releases and forever discharges Ice.com and Odimo . . .
> from any and all claims, cross-claims, demands, actions or causes of
> action arising from allegations in the Action, including, but not limited
> to, compensatory damages, statutory damages, exemplary damages,
> punitive damages, declaratory and injunctive relief, costs, expenses, and
> attorneys' fees[.]

*Id.* at ¶ 4.  The Blue Nile/Ice Settlement further provides that it cannot be construed as

evidence of liability or wrongdoing:

> Nothing contained in this Agreement or in the documents or agreements
> being executed and delivered pursuant to this Agreement shall constitute
> or be deemed or construed as an admission by any party of liability or
> wrongdoing or of any fact or position whatsoever in connection with any
> matters in dispute or otherwise.

*Id.* at ¶ 6.  Moreover, the Blue Nile/Ice Settlement includes a confidentiality provision

which states that:

> The parties shall not disclose this Agreement, the existence of the
> Agreement and/or the terms herein, except in communications with
> officers, directors, investors and shareholders, in a mutually-agreed press
> release (at Blue Nile's option), and as required by law.

*Id.* at ¶ 7.[4]

//

//

//

//

//

---

[4] Undersigned counsel relayed to Blue Nile's counsel its serious concerns about the disclosure of the
settlement agreements and the violation of the release provisions resulting from Blue Nile's affirmative use of
the prior lawsuits in its Complaint.  Ice.com requested that Blue Nile amend its Complaint and notified Blue
Nile that in the absence of such an amendment, Ice.com would file, *inter alia,* a motion to strike all such
references pursuant to Fed. R. Civ. P. 12(f).  Blue Nile's counsel stated that it would not amend the
Complaint.  Before filing this motion and the Sarrafan Declaration, Ice.com gave Blue Nile written notice of
the relevant sections of the settlement agreements that would be disclosed.

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 4

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1

## III. ARGUMENT

2    **A.    Plaintiff's Allegations Regarding Conduct Released by Prior Settlement Agreements Should be Stricken Under Rule 12(f).**

3    **1.    Standard for Motion to Strike**

4

5    Rule 12(f) allows the Court to strike from the pleadings "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial" matter is that which

6    lacks any essential or important relationship to the claim for relief or the defenses being

7    pleaded, whereas an "impertinent" matter "consists of statements that do not pertain, and are

8    not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th

9    Cir. 1993) (upholding motion to strike), *rev'd on other grounds*, 510 U.S. 517, 534-545

10   (1994) (*quoting*, Wright & Miller, *Federal Practice and Procedure*, § 1382, at 706-07

11   (1990)).  Where a motion "may have the effect of making the trial . . . less complicated, or

12   have the effect of otherwise streamlining the ultimate resolution of the action, the motion to

13   strike will be well taken." *Cal. ex rel. State Lands Comm'n v. United States*, 512 F. Supp.

14   36, 38 (N.D. Cal. 1981).  "Superfluous historical allegations are a proper subject of a motion

15   to strike[,]" *Fogerty*, 984 F.2d at 1527, particularly where the allegations at issue do not

16   support an actionable claim and create "serious risks of prejudice" and "confusion of the

17   issues." *Id.* at 1528.

18

19   **2.    References to the previous lawsuits should be stricken as immaterial, impertinent, and prejudicial.**

20   From its first sentence, the Complaint references the previous lawsuits – the Odimo

21   Case and the Blue Nile/Ice case – as evidence of the "repeat" nature of these alleged

22   infringements.  Compl. ¶ 1.  The Complaint states that "[t]his is the *third* complaint in

23   eighteen months[,]" *id..* (emphasis in original), and refers to how Ice.com "once again"

24   redesigned the Diamond.com website to "mimic" features of the Blue Nile website and

25   engage in "illicit copying[.]" *Id.* at ¶ 3.  Blue Nile further states that "[t]his . . . is not the

26   first instance of Diamond.com copying Blue Nile's distinctive diamond photographs." *Id.*

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 5

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1    at ¶ 17. It then sets forth the allegations contained in the Odimo Case and the subsequent

2    Blue Nile/Ice case and wraps up the discussion of each of these topics by stating that the

3    cases were settled. *See id.* at 18-23.

4         Blue Nile points to the previous settled lawsuits, as if Ice.com had been proven

5    liable for infringement, to characterize Ice.com before the Court as a "repeat offender." It

6    apparently does so to support the urgency and need for injunctive relief. But Blue Nile

7    cannot confuse the discrete, narrow allegation in this case with "superfluous historical

8    allegations" that serve only to confuse the issues and unduly prejudice Ice.com, *see*

9    *Fogerty*, 984 F.2d at 1527-28, particularly where, as here, Blue Nile has fully released

10   Ice.com, and the previous owner of Diamond.com, Odimo, from all liability. Under Rule

11   12(f), all references to these previous lawsuits should be stricken from the Complaint as

12   immaterial, impertinent, and prejudicial.

13        a. **The Odimo Case.** The Odimo case involved a different defendant (Odimo) with

14   different ownership and management from Ice.com. Indeed, the alleged infringement at

15   issue in that case both occurred *before* Ice.com had acquired Diamond.com from Odimo.

16   *See* Compl. ¶¶ 19-20. Moreover, the Odimo Settlement fully released and forever

17   discharged Odimo from all charges that were brought and which could have been brought

18   in that case. *See* Sarrafan Decl. at ¶ 2. Blue Nile's inclusion of the Odimo Case here, and

19   its invitation to the Court to draw inferences of past liability by Ice.com, are factually

20   unsupportable, inappropriate and extremely prejudicial. The Odimo Case bears no

21   relationship to this case and neither pertains nor is necessary to its resolution. All

22   references to it should be stricken under Rule 12(f) as immaterial, impertinent, and

23   prejudicial. *See Fogerty*, 984 F.2d at 1527-1528.

24        b. **The Blue Nile/Ice Case**. Similarly, the references to the Blue Nile/Ice Case

25   should be stricken. The parties settled the earlier *allegations* of infringement. There was

26   never a finding that Ice.com infringed Blue Nile's intellectual property. Ice.com never

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 6

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1  admitted doing so. Instead, the parties made a business decision to resolve the dispute

2  without litigating the infringement claim. Blue Nile released Ice.com from all claims

3  related to that case and specifically agreed that nothing in the Blue Nile/Ice Settlement

4  "shall constitute or *be deemed or construed* as an admission by any party of liability or

5  wrongdoing or of any fact[.]" Ex. 1 to Sarrafan Decl., ¶ 6 (emphasis added). Moreover,

6  Blue Nile agreed not to disclose even the mere "existence of the Agreement." *Id.* at ¶ 7.

7        By describing the substance of the allegations from the Blue Nile/Ice case,

8  characterizing them as examples of how Ice.com "again mimicked and copied Blue Nile's

9  protected intellectual property," and juxtaposing them with references to the Blue Nile/Ice

10  Settlement, *see* Compl. ¶¶ 3, 21-23, Blue Nile violated the Blue Nile/Ice Settlement. Blue

11  Nile does precisely what it agreed not to do – disclose the existence of the settlement and

12  construe the settlement as an admission of liability. Moreover, by citing the Blue Nile/Ice

13  Case as a past example of Ice.com having "mimicked" and "copied" Blue Nile's website,

14  Blue Nile ignores the full release it gave to Ice.com as part of that settlement. By entering

15  the agreement with Ice.com, Blue Nile waived its ability to argue that Ice.com committed

16  earlier acts of infringement. This Court should strike references to the Blue Nile/Ice case.

17  To do otherwise would reward Blue Nile for ignoring the central provisions of its

18  settlement with Ice.com and would reduce the incentive of any party to settle a matter out of

19  court.

20        "[T]he law…favors private settlement of disputes. Releases are therefore given

21  great weight to support the finality of those settlements." *Nationwide Mut. Fire Ins. Co. v.*

22  *Watson*, 120 Wn. 2d 178, 187 (1992) (upholding validity and enforceability of settlement

23  release despite argument that specific application was not contemplated). Washington

24  courts demonstrated their respect for settlement agreements and have enforced them, to

25  protect the rights of the parties who negotiated them and to uphold the integrity of the legal

26  system. *See e.g., Pederson v. Potter*, 103 Wn. App. 62, 70-71 (2000) (extending doctrine of

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 7

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

*res judicata* to confession of judgment made as part of settlement agreement because, *inter alia*, doing so upholds legal system's integrity).  Blue Nile's disregard for the release, no admission, and confidentiality provisions of the Blue Nile/Ice Settlement tramples Ice.com's rights obtained through that agreement.  *See generally Knuth v. Beneficial Wash., Inc.*, 107 Wn. App. 727, 732-33 (2001) (enforcing release provision against second suit relitigating same issues, on grounds of *res judicata* because to do otherwise would "impair the rights acquired by [defendant] through the release provision contained in the settlement agreement."); *see also Becker v. Allcom, Inc.*, 2005 WL 2777020 at *1 (W.D. Wash. 2005) (holding that plaintiff who sues to enforce contract, affirms and ratifies contract and the release provision contained therein that bars plaintiff from asserting claims).

**B.    Plaintiff's Breach of Contract Claims Should be Dismissed Under Rule 12(b)(6) For Failure to State a Claim Upon Which Relief Can be Granted.**

**1.    Standard for Motion to Dismiss**

A Rule 12(b)(6) dismissal can be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  In resolving a Rule 12(b)(6) motion, the Court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true, as well as any reasonable inferences drawn from them.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). The Court, however, need not accept as true conclusory allegations, legal conclusions, unwarranted deductions of fact or unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Rule 12(b)(6) focuses on the "sufficiency" of a claim and not the claim's substantive merits "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 8

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

2.    **The Contract Claims are Preempted by the Copyright Act (Fourth and Fifth Causes of Action).**

Blue Nile alleges that Ice.com infringed its copyright to a round-cut diamond photograph. Compl. ¶ 28. Blue Nile seeks to recover for this alleged copyright violation under the Copyright Act (First, Second, and Third Causes of Action), and alleges that this infringement breached the Blue Nile/Ice Settlement (Fourth and Fifth Causes of Action). Blue Nile alleges that Ice.com breached the "express and implied terms" of the Blue Nile/Ice Settlement (Fourth Cause of Action) and that Ice.com breached "implied covenants of good faith and fair dealing" (Fifth Cause of Action). *See* Compl. ¶¶ 60-70. To support these contract claims, however, Blue Nile refers back to and incorporates the allegations constituting the basis of its copyright claims. *See* Compl. ¶¶ 60, 66. Indeed, Blue Nile offers no additional factual allegations beyond the mere conclusory statements that Ice.com breached the terms and implied covenants of the Blue Nile/Ice Settlement Agreement. *See id.* at ¶¶ 63, 68. As described below, Blue Nile's contract claims turn on the same subject matter – the graphic image that is disputed in the copyright action – as the copyright claims. Moreover, the contract claims seek redress for the alleged violation of the same rights – the alleged copying of the graphic image – as the copyright claims. Indeed, the contract provision, "Design of Ice.com's Websites," on which Blue Nile presumably relies for its contract claims states:

> Ice.com and its principals shall not copy or otherwise infringe Blue Nile's intellectual property rights. Ice.com and its principals shall in no circumstance knowingly induce, encourage, direct, contribute, facilitate or assist any other person or entity to infringe Blue Nile's intellectual property rights.

Blue Nile/Ice Settlement, 3, Ex. 1 to Sarrafan Declaration. This term is so vague and indefinite that it cannot be interpreted to determine an alleged violation without reference back to the relevant federal laws -- in this case, the copyright laws. Moreover, it creates no

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL -- Page 9

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1  new rights or obligations that are not already required under federal law.  As described

2  below, the contract claims are preempted by 17 U.S.C. § 301(a).

3        Section 301(a) of the Copyright Act states that:

4      [A]ll legal or equitable rights that are equivalent to any of the exclusive
    rights within the general scope of copyright as specified by section 106

5      in works of authorship that are fixed in tangible medium of expression
    and come within the subject matter of copyright as specified by sections

6      102 and 103 and, whether created before or after that date and whether
    published or unpublished, are governed exclusively by this title.

7      Thereafter, no person is entitled to any such right or equivalent right in
    any such work under the common law or statutes of any State.

8  17 U.S.C. § 301(a).  Under § 301(a), "[c]opyright preemption is both explicit and broad[.]"

9  *G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir.

10  1992).  A state law claim is preempted if:  (1) the work at issue comes within the subject

11  matter of copyright as described in 17 U.S.C. §§ 102 and 103; and (2) the rights granted

12  under the state law are equivalent to the rights contained in 17 U.S.C. § 106.  *See Laws v.*

13  *Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006).

14      The graphic image underlying the contract claims falls within the subject of

15  copyright.  The image constitutes "pictorial works" that can be copyrighted.  17 U.S.C. §

16  102(a)(5) (copyright protection for "pictorial, graphic, and sculptural works").  And Blue

17  Nile explicitly relies for its contract claims on the very allegations that constitute its

18  copyright claims.  *See Blue Nile v. Ice.com, Inc. and Odimo Inc.*, __ F. Supp. 2d __ , 2007

19  WL 172613 at *4 (W.D. Wash. 2007) ("Plaintiff cannot both expressly rely on the

20  copyright allegations in all of its state law claims *and* assert that the state law claims are

21  outside copyright's subject matter for purposes of avoiding preemption.") (emphasis in

22  original).

23      To survive the "equivalent rights" component of the test, a plaintiff must show that

24  the state claim protects rights that are qualitatively different from the rights protected by the

25  copyright laws and must establish the existence of an "extra element" that changes the

26

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 10

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1   nature of the action. *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th

2   Cir. 1987) (unfair competition claim preempted by copyright laws) (overruled on other

3   grounds); *see also Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212-13 (9th Cir. 1998)

4   (unfair competition claim preempted by copyright laws and fact that same allegations are

5   made in both claims and rights supports finding that claims are based on equivalent rights).

6   It is not enough to merely point to the presence of additional elements. Rather, "the extra

7   element must transform the nature of the action[,]" thereby making the state claim

8   qualitatively different from the copyright action. *See Laws*, 448 F.3d at 1144.

9         As described above, Paragraph 3 of the Blue Nile/Ice Settlement creates no new

10  right or obligation, and requires no additional element to be proven, beyond what is already

11  encompassed by the Copyright Act. *See* Blue Nile/Ice Settlement, Ex. 1 to Sarrafan Decl.

12  at ¶ 3. Indeed, to determine whether Blue Nile's "intellectual property rights" have been

13  copied or infringed, one must look to the Copyright Act. To determine whether there is a

14  "material breach" one must look to the Copyright Act and the cases defining and

15  interpreting "substantial similarity." To determine what, if any, remedies are available, one

16  again must look to the Copyright Act. This is not a case where the parties made a contract

17  for the use of an image that created new rights and obligations for the parties. Rather, it is

18  merely a reiteration of the obligations already created by the Copyright Act, Lanham Act,

19  and other applicable federal statutes protecting intellectual property.

20        This conclusion is not changed, nor is the "extra element" found, by virtue of Blue

21  Nile's reference to "implied covenants of good faith and fair dealing." There is an implied

22  duty of good faith and fair dealing in every contract, and it does not create separate

23  obligations nor does it "inject substantive terms into the parties' contract." *Badgett v.*

24  *Security State Bank*, 116 Wn. 2d 563, 569 (1991) (en banc). The implied covenant

25  "requires only that the parties perform in good faith the obligations imposed by their

26  agreement" and "the duty arises only in connection with terms agreed to by the parties." *Id.*

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 11

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800    F 206.516.3888

1    As the implied covenant does not extend or add to any obligations under the contract, it

2    cannot be deemed to save or take the contract claims outside the reach of preemption.

3         This case is therefore distinguishable from cases holding that the Copyright Act

4    generally does not preempt contract claims. *See, e.g., Grosso v. Miramax Film Corp.*, 383

5    F.3d 965 (9th Cir. 2004) (holding that contract rights were not equivalent to rights protected

6    by copyright, where issue was not actual written movie script but the idea embodied in it,

7    and where the contract claim had the extra element of a promise to pay for the use of that

8    idea); *see also Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005)

9    (common law tort claim concerned the use, not reproduction, of a software end-product and

10   as such concerned a "qualitatively different right" not protected by the copyright laws);

11   *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l*, 991 F.2d 426, 433 (8th Cir. 1993)

12   (contractual restriction on the use of computer program, rather than the copyrighted

13   protection against the copying of it, constitutes the extra element making the contract cause

14   of action different from a copyright claim); *G.S. Rasmussen*, 958 F.2d at 904

15   (distinguishing between use of a flying design certificate from the copying of it in holding

16   that unfair competition claim was not preempted by copyright law).

17        In *Grosso*, for example, the plaintiff sued based on an implied contract for

18   compensation for the use of the *idea* behind a movie, a concept that is not copyrightable, in

19   addition to suing for copyright infringement for the copying of the actual movie script,

20   which constituted the expression of that idea.   The Ninth Circuit in *Grosso* held that the

21   dispositive issue was that the extra element of "bilateral expectation of compensation" for

22   use of the idea was present, thereby "transform[ing] the action from one arising under the

23   ambit of the federal statute to one sounding in contract." *Grosso*, 383 F.3d at 968 *citing*

24   *Landsberg v. Scrabble Crossword Game Players, Inc.*, 802 F.2d 1193, 1196 (9th Cir. 1986)

25   (distinguishing between use of an idea, which is actionable under a theory of contracts,

26   from the copyright protections for its expression).  Similarly, in *Altera*, the Ninth Circuit

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 12

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

declined to hold that the plaintiff's tort claim was preempted by copyright law where the plaintiff was suing defendant for causing its customers to violate its software licensing agreement. The Court in *Altera* held that because the "right at issue is not the reproduction of the software" but rather "the use of the bitstream[,]" a different right, providing the 'extra element' was at issue. *See Altera*, 424 F.3d at 1089.

Here, unlike in *Grosso*, there are no terms or elements that transform in any way the rights already embodied by the Copyright Act. The contract claims are a redundant restatement of the copyright claims and are therefore preempted by the Copyright Act.

**C.      Plaintiff Relies Upon Terms That Are Too Vague and Indefinite to Be Enforceable or to Provide a Cause of Action.**

Contract terms must be "sufficiently definite" to be enforceable. *See Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 178 (2004) (agreements to agree unenforceable). A contractual term is void "if the agreement is not reasonably certain as to its material terms," such as "providing a basis for determining the existence of a breach, and for giving an appropriate remedy." *See* 25 Wash. Prac. § 2.27; *Sandeman v. Sayres*, 50 Wn. 2d 539, 543 (1957) (holding agreement terms too indefinite and uncertain to be enforceable).

In this case, the contract terms wherein Ice.com promises that it "shall not copy or otherwise infringe Blue Nile's intellectual property rights[,]" are simply too vague and indefinite to be enforceable. It provides no basis to ascertain what constitutes "a copy" or an infringement, and what constitutes a material breach of the provision. Moreover, as described above, it creates no rights beyond what already exists under federal statutory law, and it provides no basis for providing a remedy that is apart from or in addition to what is available statutorily. As such, the terms are too vague and indefinite to be enforceable. *See id.* at 543.

///

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 13

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800    F 206.516.3888

## IV.  CONCLUSION

This case involves a single graphic image in dispute.  Blue Nile should not be permitted to obfuscate the issues and disparage Ice.com, in violation of its settlement agreements, to gain an advantage before the Court in this matter and to otherwise discredit its primary competitor.  As such, Ice.com respectfully requests this Court to grant its motion to strike and its motion to dismiss.

DATED:  May 15, 2007

YARMUTH WILSDON CALFO PLLC


By:   s/Angelo J. Calfo
      Angelo J. Calfo, WSBA #27079
      Sima F. Sarrafan, WSBA #21143
      Lyle A. Tenpenny, WSBA #34883

Fourth & Madison Building
925 Fourth Avenue, Suite 2500
Seattle, WA  98104
Phone: (206) 516-3800
Fax:    (206) 516-3888
Email: acalfo@yarmuth.com
      ssarrafan@yarmuth.com
      ltenpenny@yarmuth.com


Attorneys for defendant Ice.com, Inc.

DEFENDANT ICE.COM'S MOTION TO STRIKE
AND TO DISMISS FOR FAILURE TO STATE
A CLAIM [UNREDACTED]
NO. C-06-1002 RSL – Page 14

(454.02) he141001 5/15/07

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888